IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELOISE TYSON                                                                                         PLAINTIFF

vs.                                            Civil No. 4:12-cv-04021

CAROLYN W. COLVIN                                                                            DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Eloise Tyson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her DIB application on November 3, 2010 and her SSI application on March 1, 2011.  (Tr. 8).  In her applications, Plaintiff claims to be disabled due to bilateral shoulder pain. (Tr. 129).  Plaintiff alleges an onset date of August 3, 2010.  (Tr. 129).  These applications were denied initially and again upon reconsideration.  (Tr. 48-52).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 53). Plaintiff's administrative hearing was held on November 29, 2011 in Texarkana, Arkansas. (Tr. 34-45). Plaintiff was present and was represented by counsel at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Suzette Skinner testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 36). Plaintiff testified she graduated high school and attended college for three years. (Tr. 37).

On December 27, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of August 3, 2010. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral shoulder injury and lumbar spine problems. (Tr. 10, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to lift 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour workday; and occasionally reach, stoop, bend, crouch, and crawl. (Tr. 13, Finding 5). The ALJ further found Plaintiff should avoid climbing ladders, ropes, and scaffolds and should be

2

permitted to alternate sitting and standing every 30-45 minutes to stand and stretch. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). The ALJ determined was unable to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 16, 42-44). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a clerk with 100 such jobs in Arkansas and 12,000 such jobs in the nation; furniture rental clerk with 150 such jobs in Arkansas and 24,000 such jobs in the nation; and investigator dealer accounts with 425 such jobs in Arkansas and 95,000 such jobs in the nation. (Tr. 17). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from August 3, 2010 through the date of his decision or through December 27, 2011. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 22-23). On February 2, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On March 8, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 22, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in giving improper weight to non-examining sources; (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (3) the ALJ did not appreciate Plaintiff's impairments or consider them in combination; and (4) the ALJ asked an improper hypothetical to the VE. ECF No. 7. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted her subjective complaints, this Court will only address this issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ properly stated the *Polaski* factors but then discounted her subjective complaints for the sole reason that they were not supported by her medical records. *Id.* The ALJ stated the following:

> In this case, the claimant appears to be sincere and genuine regarding the pain and

6

limitations she states she experienced with the medical impairments. If accepted as described, the claimant would be prevented from completing even sedentary exertional functions. ***However, the claimant's most serious symptoms and limitations are simply outside the range of reasonable attribution according to the medical opinions of record***.

(Tr. 15) (emphasis added). The *Polaski* analysis is an assessment of the <u>credibility</u> of the Plaintiff's complaints. Here, the ALJ specifically found the Plaintiff's complaints to be "sincere and genuine," in a word <u>credible</u>. The ALJ then discounted her complaints. These findings of the ALJ are not consistent. The ALJ's decision to discount Plaintiff's subjective complaints based upon her objective medical records alone was in error and in violation of *Polaski*. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE